NOT FOR PUBLICATION                              [Docket No. 17]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL GILLIGAN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 05-1177 (RMB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CAPE MAY COUNTY | : | |
| CORRECTIONAL, et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

APPEARANCES:

Michael Gilligan
#36783
Ancora Psychiatric Hospital
202 Spring Garden Road
Ancora, New Jersey 08037
          Pro Se Plaintiff

Judson B. Barrett
Barrett and Pavluk, LLC
Ocean Park Professional Bldg.
1602 Lawrence Avenue
Suite 109,
Ocean, New Jersey 07712
          Attorneys for Defendant, Cape May County Correctional

**BUMB**, United States District Judge:

        This matter comes before the Court on motion by

Defendant, Cape May County Correctional ("Correctional"), for

dismissal of the above captioned matter for failure to respond to

discovery requests.  For the reasons set forth below,

1

Correctional's motion will be granted.

**Background:**

Plaintiff commenced a civil action against Cape May County Correctional and Prison Health Services by filing a Summons and Complaint in this Court on March 1, 2005.  In his Complaint, Plaintiff asserted that he was housed in inhumane conditions due to overcrowding, lack of sleep, and denial of showers and recreation.  He also asserted that he was denied medical care and denied his constitutional right to access the courts.  On July 8, 2005, the Honorable Jerome B. Simandle ruled that Plaintiff's access-to-courts and denial of medical care claims must be dismissed with prejudice, but allowed Plaintiff's claims based on the conditions of confinement to proceed. [Docket No. 4].

Pursuant to a February 3, 2006 scheduling order, [Docket No. 11], all factual discovery in this matter was to be completed by April 14, 2006.  Correctional served Plaintiff with Interrogatories and a Notice to Produce on February 8, 2006.  On or about March 10, 2006, Correctional informed Plaintiff that the discovery responses were still outstanding.

Because Plaintiff did not respond to said discovery requests, Correctional filed a motion to compel discovery on March 28, 2006.  On May 2, 2006, the Honorable Joel B. Rosen granted the motion to compel and ordered Plaintiff to supply

answers to all outstanding discovery "no later than June 16, 2006." [Docket No. 13].

Again, Plaintiff did not respond and on July 27, 2006, Correctional wrote to the Court for guidance.  On August 9, 2006, Judge Rosen wrote an letter and Order revising the discovery schedule so that all outstanding discovery would be completed by September 29, 2006, and stated that "failure to abide by the schedule in the enclosed order may lead to sanctions including dismissal of the [P]laintiff's complaint." [Docket No. 15]. Plaintiff did not comply with that Order.

In response to Plaintiff's repeated failure, this Court entered an Order on October 13, 2006, [Docket No. 16], stating that, because Plaintiff is pro se, it would give him greater leeway and therefore would allow Plaintiff to be given until November 2, 2006, to respond to any outstanding discovery requests.  The Court stated, however, that "if Plaintiff fails to respond to the outstanding discovery requests...[it] will consider a motion to dismiss by Defendant[]."  Plaintiff failed to comply with that Order and on November 11, 2006, Correctional moved to dismiss Plaintiff's complaint for failure to answer discovery.[1]

---

[1] This Court notes that Correctional has complied with Local Civ. Rule 37.1(b)(1) by suppling the requisite affidavit detailing Correctional's efforts to resolve discovery issues without the intervention of the Court.

**Discussion:**

Federal Rule of Civil Procedure 37 allows the Court to "dismiss the action...or any party thereof" for a failure "to obey an order to provide or permit discovery" and "to serve answers or objections to interrogatories." Fed. R. Civ. P. 37(b)(2)(C), (d).  In determining whether dismissal pursuant to this rule is warranted, courts consider and balance six factors: 1) the extent of the party's responsibility; 2) the prejudice to the adversary caused by the party's actions or inactions; 3) a history of dilatoriness; 4) whether the misconduct of the party was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.  Poulis v. State farm Fire and Cas. Co., 77 F.2d 863, 868 (3d Cir. 1984); Smith v. County of Monmouth, 2006 U.S. Dist. LEXIS 45967 (D.N.J. July 7, 2006).

Considering each of these factors, it is clear that dismissal pursuant to Rule 37 is warranted.  Because Plaintiff is pro se and the failure to comply with this Court's Orders cannot be blamed on counsel, his personal responsibility is established. See Smith, 2006 U.S. Dist. LEXIS at *5.  Even though a court will often be more lenient with pro se litigants, such litigants "cannot be excused from compliance with the plain text of the federal rules and court orders." Id. (quoting Palmer v. Sec.

4

<u>Nat'l Bank</u>, 2001 U.S. Dist. LEXIS 11473 at *3 (E.D. Pa. June 13, 2001)).  Additionally, Correctional has been prejudiced by Plaintiff's inaction; they have been unable to engage in discovery or move forward with this matter and have had to repeatedly petition this Court for assistance.

With regard to the third factor, Plaintiff's history of dilatoriness is clear from the record in this case; Plaintiff has not responded to letters from Correctional requesting discovery and has not complied with this Court's Orders.  While it is not clear from the record that Plaintiff has acted in bad faith, his repeated failure to respond to Correctional's requests or the Orders of the Court despite more than ample time to do so indicates that his non-compliance is willful.  <u>See id</u>. (stating that failure to obey orders of Magistrate Judge demonstrated willful conduct).

Alternative sanctions would not be effective in light of the history of this matter.  Plaintiff has been given ample opportunity to comply with Correctional's discovery requests and was clearly warned in this Court's October 13, 2006 Order that failure to comply could result in the dismissal of this action.  In light of this history, this Court concludes that lesser measures would be ineffective.  <u>See id.</u> at *7 (finding that lesser measures, such as a monetary sanction would only cause more delay and be ineffective in a similar situation).

5

Finally, the Court holds that the sixth factor in this matter is neutral and not dispositive given that there has been no discovery in this matter.

This Court also notes that in his Complaint, Plaintiff asserted claims against Prison Health Services. [Docket No. 1]. As of this date, Plaintiff has not served process upon this Defendant.   A court cannot exercise jurisdiction over a party that has not been properly served.   See Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d. Cir. 1991) ("[a] court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.   Effective service of process is therefore a prerequisite to proceeding further in a case").

Federal Rule of Civil Procedure 4(m) states that the court shall dismiss a suit upon "its own initiative" where "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint", unless "the plaintiff shows good cause for the failure."   Fed. R. Civ. P. 4(m).   Plaintiff has had well over a year to properly serve Prison Health Services and has failed to do so.   He is beyond the 120 day time period allotted by Rule 4 and he has not provided this Court with any explanation for his failure to serve this Defendant.   Therefore, claims against Prison Health Services must also be dismissed.

6

**Conclusion:**

On balance, the factors weight heavily in favor of granting Correctional's motion to dismiss this action.  Moreover, this action can be dismissed in its entirety because Plaintiff has not served the second Defendant, Prison Health Services.

An accompanying Order will issue today.


Dated: <u>November 28, 2006</u>          <u>s/Renée Marie Bumb</u>
                                         RENÉE MARIE BUMB
                                         United States District Judge